**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Lawrence Cherry,                              )      No. CV-07-1806-PHX-DGC
                                              )
             Plaintiff,                       )
                                              )
vs.                                           )      **ORDER**
                                              )
Michael Yates, et al.,                        )
                                              )
             Defendants.                      )
                                              )

        Defendants have filed a motion for summary judgment. Dkt. #62. Plaintiff has
responded in opposition to the motion (Dkt. #65) and Defendants have replied (Dkt. #68).
For the reasons stated below, the Court will deny the motion.[1]

**I.      Background.**

        Plaintiff began working at Defendants' car dealership in September of 2003 as general
sales manager. Dkt. ##62 at 2; 65 at 1. On March 1, 2004, Plaintiff became general manager
of the dealership. Dkt. #65 at 1. During the latter part of 2006, Plaintiff was diagnosed with
a brain tumor and subsequently informed Defendants that the tumor would require surgery.
Dkt. ##62 at 3; 65 at 4. Plaintiff underwent surgery on February 27, 2007, and took FMLA
leave for that purpose. Dkt. #62 at 3. Plaintiff returned to work on a part-time basis after the

_____

[1]The parties' request for oral argument is denied because the parties have fully briefed the
issues and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78; *Lake at
Las Vegas Investors Group, Inc. v. Pac. Dev. Malibu Corp.*, 933 F.2d 724, 729 (9th Cir.
1991); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

1 surgery. *Id.* Plaintiff underwent a second surgery on July 12, 2007 to remove his adrenal

2 gland. *Id.* at 4. Plaintiff's employment was terminated in late July, 2007, while he was on

3 leave following the second surgery. Dkt. ##62 at 5; 65 at 1–2.

4 Plaintiff's complaint alleges retaliatory discharge in violation of the FMLA. Dkt. #1.

5 In their motion for summary judgment, Defendants dispute Plaintiff's ability to perform the

6 essential functions of his job on the date his employment was terminated. Dkt. #62 at 1.

7 Defendants also argue that the general manager position at the dealership was eliminated for

8 economic reasons unrelated to the termination of Plaintiff's employment. *Id.* Plaintiff claims

9 he was able to perform the essential functions of his position as general manager when his

10 FMLA leave expired. Dkt. #65 at 8. Plaintiff further argues that the dealership would have

11 been performing well financially had he not been terminated as general manager, and that

12 Defendants alleged reason for eliminating his position therefore would not have existed. *Id.*

13 at 13.

14 **II.     Standard of Review.**

15 Summary judgment is appropriate if the evidence, viewed in the light most favorable

16 to the nonmoving party, shows "that there is no genuine issue as to any material fact and that

17 the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Only disputes

18 over facts that might affect the outcome of the suit will preclude the entry of summary

19 judgment, and the disputed evidence must be "such that a reasonable jury could return a

20 verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

21 (1986).

22 The parties' briefs contain a detailed and lengthy dispute concerning the facts of this

23 case. Each side cites numerous facts supporting its position and attempts to distinguish or

24 refute facts supporting the other side's view. Although the Court finds Defendants'

25 presentation to be more persuasive, and would rule in Defendants' favor if this were a bench

26 trial based solely on the papers submitted, that is not the test for summary judgment. The

27 Court must deny summary judgment if Plaintiff's evidence raises a genuine dispute of fact.

28 Because "[c]redibility determinations, the weighing of evidence, and the drawing of

1  inferences from the facts are jury functions, not those of a judge, . . . [t]he evidence of the

2  non-movant is to be believed, and all justifiable inferences are to be drawn in his favor" at

3  the summary judgment stage. *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*,

4  398 U.S. 144, 158-59 (1970)); *Harris v. Itzhaki*, 183 F.3d 1043, 1051 (9th Cir. 1999) ("Issues

5  of credibility, including questions of intent, should be left to the jury.") (citations omitted);

6  *Sec. & Exch. Comm'n v. Koracorp Indus., Inc.*, 575 F.2d 692, 698 (9th Cir. 1978) (reversing

7  summary judgment and stating that "[t]he courts have long recognized that summary

8  judgment is singularly inappropriate where credibility is at issue"). Accepting Plaintiff's

9  evidence as true and viewing it in a light most favorable to his position, the Court concludes

10 that summary judgment must be denied.

11 **III.     Plaintiff's Ability to Perform Essential Job Functions.**

12        An employee has no right to restoration of a job under the FMLA if he is unable to

13 perform the essential functions of his position. 29 C.F.R. § 825.214. "Essential functions"

14 are "the fundamental job duties of the employment position," not including "the marginal

15 functions of the position." 29 C.F.R. § 1630.2(n)(2). The evidence presented by the parties

16 raises questions of fact as to the essential elements of Plaintiff's general manager position

17 and whether he was able to fill them when his FMLA leave would have expired in August,

18 2007.[2]

19        Defendants argue that Plaintiff admitted in his deposition and in statements made to

20 the Social Security Administration (SSA) and Veterans Administration (VA) that he was

21 unable to perform the essential functions of his job as general manager, and that

22 documentation submitted to the SSA and VA establishes that Plaintiff was disabled and

23

24 [2]Section 1630.2(n)(2) sets forth a nonexhaustive list of reasons a job function might be
   considered essential, including: "(i) . . . the reason the position exists is to perform that
25 function; (ii) . . . the limited number of employees available among whom the performance
   of that job function can be distributed; and/or (iii) [t]he function may be highly specialized
26 so that the incumbent in the position is hired for his or her expertise or ability to perform the
   particular function." 29 C.F.R. § 1630.2(n)(2). This Court cannot conclude as a matter of
27 undisputed fact that job functions such as standing four hours per day or spending time in the
28 sun were essential functions of Plaintiff's job.

1    therefore unable to perform the essential functions of the general manager position at the

2    time his FMLA leave would have expired.  Dkt. ##62 at 9-10; 63 at ¶¶ 40–60.  Plaintiff

3    argues that the deposition testimony cited by Defendants is not a description of the "essential

4    functions" of the general manager position, but merely a description of how Plaintiff

5    performed his job before his illness.  Dkt. ##65 at 8–9; 65-5 at 5, ¶ 10.  In support of his

6    claim that he was able to perform the essential functions of his position as of the date his

7    leave would have expired, Plaintiff presents a letter from his physician, dated August 28,

8    2007, which indicates that Plaintiff "is doing very well and is now released to full activity

9    without restriction."  Dkt. #65-11.  Plaintiff also notes that the statements contained in his

10   application for disability benefits were made in October of 2007 – two months after his

11   FMLA leave would have expired – and claims that his physical condition had worsened

12   during the fall of 2007 in part because of depression resulting from the loss of his job.

13   Dkt. ##65 at 10; 65-5 at 4–5, ¶ 9.  Plaintiff claims he consistently expressed his willingness

14   and ability to work while applying for disability benefits, and argues that his "disability"

15   classification did not prevent him from working.  Dkt. ##65 at 11; 65-5 at 3–4, ¶¶ 6–8; 65-8.

16        Defendants focus on alleged contradictions in Plaintiff's affidavit (Dkt. # 65-5) and

17   argue that "a party cannot create an issue of fact by an affidavit contradicting his prior

18   deposition testimony." *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991).

19   The *Kennedy* court was concerned, however, with "'sham' testimony that flatly contradicts

20   earlier testimony in an effort to 'create' an issue of fact and avoid summary judgment." *Id*.

21   at 267. Before a district court can reject such an affidavit, it "must make a factual

22   determination that the contradiction was actually a 'sham.'" *Id*.  Plaintiff's affidavit does not

23   flatly contradict his deposition testimony.  Its mention of depression may appear to some to

24   be a convenient addition made in response to Defendants' legal arguments – a point that can

25   be made during Plaintiff's cross-examination at trial – but the affidavit simply does not flatly

26   contradict the reasons given in his deposition.

27        Plaintiff's deposition testimony aside, Defendants have presented no evidence that

28   would establish the essential functions of the general manager position under Section

1  1630.2(n)(3).  The categories of evidence set forth in Section 1630.2(n)(3) demonstrate that

2  determining the essential functions of a position requires a detailed factual inquiry.  On the

3  record before it, the Court cannot identify the essential functions as a matter of undisputed

4  fact, nor whether Plaintiff could have performed them.[3]

5  **IV.    Elimination of General Manager Position.**

6          Defendants argue that any damages suffered by Plaintiff ceased at the end of 2007

7  when the general manager position was eliminated.  Dkt. #62 at 1.  Defendants cite a number

8  of cases for the proposition that a former employee is not entitled to recover damages

9  "[w]here the employer eliminates the aggrieved employee's position for economic or other

10  reasons after the employee's termination."  *Id.* at 10.  The cases cited by Defendants,

11  however, involve circumstances where the functions of the eliminated position were no

12  longer performed by any employee at the defendant company or where the employer was no

13  longer in business.  *See Wash. Convention Ctr. Auth. v. Johnson*, 953 A.2d 1064 (D.C. Cir.

14  2008) (position eliminated because sales functions were transferred to another company and

15  no longer performed by WCCA); *Rhoads v. FDIC*, 956 F. Supp. 1239 (D. Md. 1997)

16  (position eliminated when defendant's assets were sold to a competitor); *Bartek v. Urban*

17  *Redevelopment Auth. of Pittsburgh*, 882 F.2d 739 (3d Cir. 1989) (position eliminated after

18  it remained vacant for over a year following plaintiff's resignation); *Blackburn v. Martin*, 982

19  F.2d 125 (4th Cir. 1992) (position eliminated when project plaintiff was hired to perform was

20  completed); *Ewald v. Wornick Family Foods Corp.*, 878 S.W.2d 653 (Tex. App. 1994)

21  (position eliminated when defendant company ceased to exist).  Defendants do not claim the

22  dealership has been out of business or without a general manager since 2007.  Rather,

23

24  [3]Section 1630.2(n)(3) describes categories of evidence bearing on a determination of whether
   a particular duty is an essential function, including: "(i) [t]he employer's judgment as to
25  which functions are essential; (ii) [w]ritten job descriptions prepared before advertising or
   interviewing applicants for the job; (iii) [t]he amount of time spent on the job performing the
26  function; (iv) [t]he consequences of not requiring the incumbent to perform the function; (v)
   [t]he terms of a collective bargaining agreement; (vi) [t]he work experience of past
27  incumbents in the job; and/or (vii) [t]he current work experience of incumbents in similar
28  jobs."  29 C.F.R. § 1630.2(n)(3).

1   Defendants argue that the owner, Mr. Yates, assumed the functions of general manager.

2   Dkt. #68 at 10.

3          Mr. Yates testified that "I went back to being my own general manager strictly for

4   dollars and cents."  Dkt. ## 63 at 6, ¶ 37; 63-2 at 50.  In response, Plaintiff argues and

5   presents evidence that the dealership was most profitable while under his leadership, that

6   profits dropped when he was fired, that his successor performed poorly, and that any alleged

7   financial need to eliminate the general manager position would not have existed had he

8   remained onboard.  Dkt. ##65 at 14-15; 65-2 at 5-6, ¶ 37; 65-3 at 35; 65-4; 65-5 at 3, ¶5; 65-

9   6.  Viewing the evidence in the light most favorable to Plaintiff, the Court concludes that a

10  factual dispute exists as to the cause of the dealership's financial woes in the second half of

11  2007 and the reasons for elimination of the general manager position.  The same is true with

12  respect to the circumstances under which Plaintiff's replacement was hired.

13         **IT IS ORDERED:**

14         1.      Defendants' motion for summary judgment (Dkt. #62) is **denied**.

15         2.      The Court will set a final pretrial conference by separate order.

16         DATED this 13th day of February, 2009.

_David G. Campbell_

David G. Campbell
United States District Judge